UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EARLENE LOFTON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>ANDREW NATSIOS, )<br>)<br>Respondent. )<br>_____ ) | Misc. Action 06-0444 (GK) |

**RESPONDENT'S OPPOSITION TO PETITIONER'S "PETITION TO OVERTURN
REFUSAL TO PRODUCE KARLA YEAKLE, OR IN THE ALTERNATIVE, A WRIT
DIRECTING THE USAID TO PRODUCE MS. YEAKLE FOR TRIAL"**

The Office of Personnel Management, by and through its counsel, hereby files its opposition to Earlene Lofton's "Petition to Overturn Refusal to Produce Karla Yeakle, or in the Alternative, a Writ Directing the USAID to Produce Ms. Yeakle for Trial."

**I.   PROCEDURAL HISTORY**

On information and belief, petitioner Earlene Lofton is pursuing a legal malpractice claim in the Superior Court for the District of Columbia against the law firm of Kator & Scott, Chartered.[1] Kator & Scott represented Ms. Lofton in an employment matter involving her former employer, the United States Agency for International Development ("USAID"). As part of her claim for damages, Ms. Lofton is alleging that but for her attorneys' conduct she would have secured more generous retirement benefits. In furtherance of proving the full measure of the additional retirement benefits allegedly lost, Ms. Lofton, through counsel, approached the Office of Personnel Management ("OPM") for information and calculations concerning her retirement benefits in the absence of the

---

[1] Respondent's understanding of the specifics of the underlying Superior Court case come principally from the factual recitation in Petitioner's motion, and discussions with petitioner's counsel prior to the filing of the Petition.

alleged malfeasance by her former attorneys.

Among OPM's responsibilities is to respond to requests from "customers"; i.e., individuals who will be or are receiving retirement or other benefits from the federal government through OPM. See Declaration of Karla W. Yeakle ("Yeakle Dec.") at ¶ 2 (explaining the duties of her position), attached as Exhibit A to Petitioner's Motion. Pursuant to these duties, Ms. Yeakle reviewed the retirement case file of Ms. Lofton and made a series of calculations concerning Ms. Lofton's retirement benefits under different scenarios. See Yeakle Dec. at ¶ 3. A declaration setting forth these calculations and the documents on which the calculations were based were provided to Ms. Lofton in July 2006. See generally Yeakle Dec.

Trial in Ms. Lofton's lawsuit against Kator & Scott is scheduled to commence on October 30, 2006 in the Superior Court for the District of Columbia. On September 21, 2006, Ms. Lofton served a subpoena ad testificandum on OPM, requesting that Ms. Yeakle provide trial testimony concerning the contents of her declaration. See Respondent's Exhibit A. OPM, through counsel, objected to the subpoena by letter dated October 5, 2006. See Respondent's Exhibit B. Petitioner filed the above-captioned miscellaneous matter in this Court on October 12, 2006.

## II.   ARGUMENT

### A. Petitioner Has Named the Wrong Respondent

Karla Yeakle, the individual from whom testimony is sought, is an employee of the Office of Personnel Management ("OPM"). The petition filed in this Court by Ms. Lofton, however, names the United States Agency for International Development as the respondent. The failure to name the proper party demands dismissal of the Petition. To the extent that the Court would be reviewing an agency decision under the arbitrary and capricious standard of the Administrative Procedure Act, see

infra Part II.E, the Court does not have the proper agency before it. With respect to Petitioner's alternative request for a writ of mandamus, USAID is not Ms. Yeakle's employer, and, as such, any writ issued commanding USAID to take action would not have the effect of securing Ms. Yeakle's testimony at trial.

### B. Petitioner Cannot Obtain Enforcement of a State Court Subpoena Commanding the Trial Attendance of a Federal Official

The subpoena issued by Earlene Lofton was issued by the Superior Court of the District of Columbia. See Exhibit A. "In state court the federal government is shielded by sovereign immunity, which prevents the state court from enforcing a subpoena." Houston Business Journal v. Office of Comptroller of Currency, 86 F.3d 1208, 1211 (D.C. Cir. 1996). And, "because a federal court's jurisdiction upon removal is derivative of the state court's, the federal court in a removed action is also barred from enforcing a subpoena against the federal government." Id. at 1212. Although Houston Business Journal involved only a subpoena for documents, the decision also addressed situations involving subpoenas for testimony. "Under Touhy, neither state-court nor federal-court litigants may obtain a subpoena ad testificandum against an employee of a federal agency that has enacted a Touhy regulation." Id. at 1212.n.4.[2]

Thus, this court cannot command enforcement of the subpoena issued by the Superior Court of the District of Columbia.

### C. Petitioner Has Not Tendered The Required Fees

In its October 5, 2006 objection letter, OPM objected to the subpoena on the basis that Ms. Lofton had failed to tender the fees for one day's attendance and the milage allowed by law. See

---

[2] OPM's Touhy regulation may be found at 5 C.F.R. part 297.402.

Rule 45(b)(1) of the District of Columbia Rules of Civil Procedure. See Resp. Ex. B. To date, those fees still have not been tendered, providing an alternative basis for non-enforcement.

**D.    OPM's Regulations For Testimony Require a Subpoena Signed by A Judge**

OPM's Touhy regulation, 5 C.F.R. § 297.402(f), requires that an order for testimony of an employee of OPM be signed by a judge. The subpoena issued in this case is signed only by counsel for Ms. Lofton, not the presiding judge in the Superior Court matter. See Ex. A. Thus, OPM is under no obligation to consider whether to authorize the request for testimony under its Touhy regulations. See id.; see also Houston Business Journal, 86 F.3d at 1212 ("a state-court litigant must request the documents from the federal agency pursuant to the agency's regulations").

**E.    The Decision of OPM to Decline To Permit the Testimony Readily Satisfies Arbitrary and Capricious Review**

When an agency declines to produce records or a witness, the proper remedy for a state court litigant is to file a collateral action in federal court under the Administrative Procedure Act. See Houston Business Journal, 86 F.3d at 1212 n.4. The federal court will then review the agency's decision not to permit the employee to testify under an "arbitrary and capricious" standard. Moore v. Armour Pharmaceutical Co., 927 F.2d 1194, 1197 (11th Cir.1991); Davis Enters. v. EPA, 877 F.2d 1181, 1186 (3d Cir.1989). A reviewing court can only strike an agency action if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). The agency's decision must be upheld if it has "considered the relevant factors and articulated a rational connection between the facts found and the choice made." Baltimore Gas & Elec. Co. v. NRDC, 462 U.S. 87, 105 (1983); Small Refiner Lead Phase-Down Task Force v. EPA, 705 F.2d 506, 521 (D.C. Cir. 1983).

As set forth in both Ms. Yeakle's declaration and in OPM's objection letter, it is common for OPM to receive requests for benefit calculations from current and former government employees and for OPM to respond to the requests of its customers through providing information and declarations. See Yeakle Dec. at ¶ 2; Ex. B. However, if OPM employees were routinely subject to depositions and/or trial testimony merely because they performed these customer service functions, the ability of OPM to carry out its core mission would be detrimentally impacted to a considerable degree. See Ex. B.

Conversely, Ms. Lofton has not made any showing to OPM or this Court as to why Ms. Yeakle's testimony is necessary to the prosecution of his action, or why this case presents an exceptional situation such that an OPM employee should be taken away from her duties to testify about a benefits calculation. Ms. Yeakle has no personal knowledge of the facts of the underlying Superior Court litigation other than that obtained from the written retirement record. All evidence which could be submitted by OPM is documentary and has already been provided to Ms. Lofton with the Declaration.

Ms. Lofton's motion in this court states that Ms. Yeakle's testimony is "vital," but provides no explanation whatsoever as to why that is the case. See Petition at 4.[3] Indeed, the motions filed in Superior Court indicate that Ms. Lofton has retained an expert economist to calculate the total value of her alleged lost pension and healthcare benefits. See Plaintiff/Counter Defendant's Opposition to Motion to Admit at 20-21 (Ex. C); see also Petition at 4 (referencing expert testimony). Since Ms. Lofton has her own expert witness to establish her proof on damages, and

---

[3] The fact that the opposing party has filed a motion to exclude does not, by itself, demonstrate that the testimony is "vital." Id.

because that expert can utilize Ms. Yeakle's declaration without creating any hearsay problems, see D.C. Super Ct. R. Evid. 703, Ms. Yeakle's testimony is both unnecessary and superfluous.[4]

For these reasons, OPM's decision to decline to permit the testimony is neither arbitrary nor capricious, and should be affirmed by this Court.

### F.  There is No Basis Upon Which to Issue a Writ of Mandamus

Petitioner's alternative request for a writ compelling OPM should be readily denied.  As a threshold matter, having failed to bring this petition against OPM or an officer of OPM who could effect her attendance at trial, this Court is without jurisdiction to issue a writ that could compel Ms. Yeakle's attendance, if such a writ was appropriate.  See supra Part II.A.  For the following reasons, Ms. Lofton has not met the stringent standards that apply to writs of mandamus.

A writ of mandamus shall only issue when the petitioner "has no other adequate means of redress," and "the writ is necessary to amend a clear error or abuse of discretion." Republic of Venezuela v. Philip Morris Inc., 287 F.3d 192, 198 (D.C. Cir. 2002).  A writ of mandamus is "an extraordinary [remedy] . . . . to be utilized only under exceptional circumstances." Haneke v. Sec'y of Health, Educ. & Welfare, 535 F.2d 1291, 1296 (D.C. Cir.1976).  "The necessary prerequisites for this court to exercise its mandamus jurisdiction are that (1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff." Swan v. Clinton, 100 F.3d 973, 977 n. 1 (D.C. Cir. 1996) (internal quotations omitted); see also Atl. Tele-Network, Inc. v. Inter-Am. Dev. Bank, 251 F. Supp.2d. 126, 131 (D.D.C. 2003) (applying the Swan test).  The party requesting the writ bears the "heavy burden" of showing that

---

[4]Moreover, to the extent Ms. Yeakle's testimony would be considered to be expert testimony, that provides an alternative basis for its preclusion.  See 5 C.F.R. § 2635.805 (restricting executive branch employees from serving as expert witnesses).

its right to issuance of the writ is "clear and indisputable." In re Cheney, 334 F.3d 1096, 1102, 1107 (D.C. Cir. 2003) (internal quotations omitted).  Because these prerequisites are jurisdictional in nature, the plaintiff's failure to meet any one of the them deprives the court of jurisdiction and thus is fatal to the plaintiff's request.  Swan, 100 F.3d at 977 n. 1 (indicating that the three prerequisites go to the court's jurisdiction).  Here, none of the three mandatory factors are satisfied.

First, Ms. Lofton has no clear right to the testimony of Ms. Yeakle.  To the contrary, as Houston Business Journal makes clear, Ms. Lofton has no "right" whatsoever to compel the testimony of a federal officer in a state court proceeding.  See Comsat Corp. v. National Science Foundation, 190 F.3d 269, 278 (third party subpoenas do not provide the private litigant with guaranteed access, at public expense, to the testimonial evidence of agency employees).  The decision as to whether to authorize an employee's testimony is a decision of the agency, subject to arbitrary and capricious review under the APA.  For the same reasons, there is no "clear duty to act" on the part of OPM or its officers.

Finally, as to the third factor, both petitioner and respondent acknowledge that review of the agency's decision under the APA provides an adequate means of redress, precluding a mandamus remedy.  Nor has OPM abused its discretion with respect to its determination here.  The agency has made the carefully considered decision that to routinely require its employees to testify in depositions and at trial as a consequence of their customer service responsibilities would create an undue burden for the agency and detrimentally impact the agency's ability to perform its core functions.  See Comsat Corp., 190 F.3d at 278 ("When an agency is not a party to an action, its choice of whether or not to comply with a third party subpoena is essentially a policy decision about the best use of the agency's resources."); id. ("[t]his compromise between public and private interests is necessary to

conserve agency resources and to prevent the agency from becoming embroiled in private litigation."). Ms. Lofton, conversely, has presented nothing demonstrating that the facts of her case or her need for the testimony is so compelling as to overcome OPM's well-founded concern.

### III. CONCLUSION

For these reasons, respondent requests that the petition be denied. A proposed order is included with this opposition.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
PETER D. BLUMBERG, Bar # 463247
Assistant United States Attorney
United States Attorneys Office
Judiciary Center Building
555 4th Street, N.W.,
Washington, D.C. 20530
(202) 514-7157

Attorneys for Respondent

Date: October 26, 2006

# Superior Court of The District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone (202) 879-1133
### SUBPOENA IN A CIVIL CASE

| | |
|---|---|
| Kator, Scott Chtrd | Civil Action No. 98-CA-5629 |
| | Cal 8 Judge Russell F. Canan |
| v. | Trial Date: Monday, Oct 30 2006 |
| Earlene Lofton | |

To:

VIA FAX (202) 514-8780

Karla Yeakle
Office of Personnel Management
C/o Peter Blumberg
Office of US Attorney
501 3rd Street, N.W.
4th Floor
Washington, D.C. 20530

**Xx  YOU ARE COMMANDED to appear in this Court at the place, date, and time specified below to testify in the above case.**

DC Superior Court, Room 518, October 30 2006, 9:30 AM

You are commanded to testify as to the contents of the attached Affirmation.

YOU ARE COMMANDED to appear in this Court at the place, date, and time specified below to testify at the taking of a deposition in the above case.

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below *(list documents or objects)*:

F:\TCW Files\Active Files JT\Lofton\Discovery\Trial Subpoena for Yeakle.wpd



| PLACE OF PRODUCTION | DATE | TIME : |
|---|---|---|

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE | TIME |
|---|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each per--nn designated, the matters on which the person will testify. SCR-CIV 30(b)(6).

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

*Thomas C Willcox* [signature]

(SEE RULE 45, SUPERIOR COURT RULES OF CIVIL PROCEDURE, next page)

Thomas C. Willcox, Esquire
1020 19th Street, N.W., Ste 400
Washington, DC 20036
202 223.-0091

I acknowledge Receipt of the foregoing subpoena and accept service on behalf of Ms. Yeakle

_____
**Peter Blumberg**

Date: September ____ 2006

F:\TCW Files\Active Files II\Lofton\Discovery\Trial Subpoena for Yeakle.wpd

Authorization as required by D.C. Code §14-307 and <u>Brown v U.S.</u>, 567 A. 2d 426 (D.C. 1989), is hereby given for issuance of a subpoena for medical records concerning a person who has not consented to disclosure of the records and has not waived the privilege relating to such records.

                                                                  Judge To Whom Case Is Assigned

F:\TCW Files\Active Files JR\Lofton\Discovery\Trial Subpoena for Yeakle.wpd

PROOF OF SERVICE

DATE   TIME   PLACE

SERVED

SERVED ON (PRINT NAME)   MANNER OF SERVICE

(attach return receipt if service was made by registered or certified mail)

SERVED BY (PRINT NAME)   TITLE

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the District of Columbia that I am at least 18 years of age and not a party to the above entitled cause and that the foregoing information contained in the Proof of Service is true and correct.

Executed on
DATE   SIGNATURE OF SERVER

ADDRESS OF SERVER

RULE 45, SUPERIOR COURT RULES OF CIVIL PROCEDURE, Sections C & D:

(c) Protection of Persons Subject to Subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The Court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this Rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the Court. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person, who is not a party or an officer of a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(5)(A) On timely motion, the Court shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 25 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(b)(iii) of this

F:\TCW Files\Active Files II\Lofton\Discovery\Trial Subpoena for Yeakle.wpd

Rule, such a person may in order to attend trial be commanded to travel from any such place to the place of trial, or

    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or,

    (iv) subjects a person to undue burden.

(B) If a subpoena

    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 25 miles to attend trial, the Court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the Court may order appearance or production only upon specified conditions.

(d) Duties in Responding to Subpoena

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

F:\TCW Files\Active Files II\Lofton\Discovery\Trial Subpoena for Yeakle.wpd

## CERTIFICATE OF SERVICE

I, Thomas C. Willcox, hereby certify that today I placed in the U.S. Mail, First Class postage prepaid, a copy of the foregoing Subpeona, addressed to:

Timothy Kilgore
Eccleston & Wolf
2001 S Street, N.W., Ste 310
Washington DC   20009

Today,

September 21, 2006

_____
Thomas C. Willcox

F:\TCW Files\Active Files II\Lofton\Discovery\Trial Subpoena for Yeakle.wpd



**U.S. Department of Justice**

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

October 5, 2006

Thomas C. Willcox, Esq.
Attorney at Law
1020 19th Street, N.W., Suite 400
Washington, DC 20036

      Re:    Third-Party Subpoena - <u>Kator, Scott v. Lofton</u>, Sup. Ct. No. 98-CA-5629
             Objections to September 21, 2006 Subpoena

Dear Mr. Wilcox:

      This letter is in reference to the third-party subpoena executed by your office requesting the trial testimony of Karla Yeakle, an employee of the Office of Personnel Management ("OPM"), in the above-referenced matter. By consent, the United States Attorneys Office accepted service of the subpoena by facsimile on September 21, 2006.

      OPM is not required to, and will not, comply with your subpoena. The federal government is shielded by sovereign immunity, which prevents the state court from enforcing a subpoena. See <u>Houston Business Journal v. OCC</u>, 86 F.3d 1208, 1211-12 & n.4 (D.C. Cir. 1996).

      Rule 45(b)(1) of the District of Columbia Rules of Civil Procedure also requires that the party serving the subpoena tender the fees for one day's attendance and the milage allowed by law. To date, no fees have been received by this office.

      OPM also objects to the subpoena in that agency regulations require that if there is to be disclosure of information from a Privacy Act system of records, the subpoena must be signed by a judge. <u>See</u> 5 C.F.R. § 297.402.

      In addition, Rule 45(c) of both the District of Columbia and the Federal Rules of Civil Procedure permit objection where compliance would subject a person to an undue burden. According to the subpoena, Ms. Yeakle is being asked to testify about the matters contained in her July 12, 2006 declaration. It is not uncommon for OPM to receive requests for information concerning benefits calculations for current and former government employees, and for OPM to respond to those requests by providing a sworn declaration. However, to routinely subject OPM employees to depositions or to demand that they be made available for trial testimony would detrimentally impact the agency's ability to perform the services central to its mission, imposing



an undue burden.

If you have any questions regarding this matter, please do not hesitate to contact me at (202) 514-7157.

                                    Sincerely,

                                    JEFFREY A. TAYLOR
                                    United States Attorney

By:   _____
        PETER D. BLUMBERG
        Assistant United States Attorney

cc:   Paul St. Hillaire, Esq.

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

Civil Division

| | |
|---|---|
| KATOR & SCOTT, CHARTERED | |
| Plaintiff/Counter-Defendant | CIVIL ACTION NO: 98-005629 |
| v. | CALENDAR NO: 8 |
| EARLENE LOFTON | JUDGE Russell F. Canan |
| Defendant/Counter-Plaintiff | |

**OPPOSITION TO MOTION FOR ADMISSION OF DECLARATION OF EMPLOYEE OF THE OFFICE OF PERSONNEL MANAGEMENT**

Plaintiff/Counter-Defendant Kator & Scott, Chartered, by and through undersigned counsel and pursuant to SUPER. CT. CIV. R. 12-I(e), hereby opposes Defendant/Counter-Plaintiff Earlene Lofton's Motion for Admission of Declaration of Employee of the Office of Personnel Management. In support of its opposition, Kator & Schott, Chartered submits the attached Memorandum of Points and Authorities, which is incorporated herein by reference.

WHEREFORE, Plaintiff/Counter-Defendant Kator & Scott, Chartered respectfully requests this Court to deny Defendant/Counter-Plaintiff Earlene Lofton's Motion for Admission of Declaration of Employee of the Office of Personnel Management.

Respectfully submitted,

Alfred L. Scanlan, Jr. (#395048)  /TMK
ECCLESTON AND WOLF, P. C.
2001 S Street, N. W., Suite 310
Washington, DC 20009-1125
(202) 857-1696
*Attorney for Plaintiff/Counter-Defendant
Kator & Scott, Chartered*

omitted). Credibility, however, "has nothing to do with whether or not [the evidence] is probative with respect to the fact which it seeks to prove." United States v. Welsh, 774 F.2d at 672. It is not enough for evidence to have probative value for admission per Rule 807; the evidence must be "*more* probative [...] *than any other* evidence which [...] can be procured through reasonable efforts." Fed. R. Evid. 807 (1997) (emphasis added).

Clearly the Yeakle Declaration is not the most probative evidence of the information contained therein. Ms. Yeakle's testimony, if reasonably able to be produced, is far more probative than her declaration, especially in light of the many infirmities noted above.[11] Since Lofton's counsel has not yet attempted to effect Ms. Yeakle's testimony at trial[12], she has failed to carry her burden to show that other more probative evidence cannot be reasonably obtained. See Rush v. Illinois Cent. R.R. Co., 399 F.3d at 720; Fed. R. Evid. 807 (1997).

On the contrary, there is evidence that is more probative than the Yeakle Declaration or even than Ms. Yeakle's testimony, which evidence is reasonably obtainable: Lofton's "retirement case file"[13]. Ms. Yeakle clearly relies upon those records in asserting the "facts" and rendering the conclusions stated in the Yeakle Declaration. Exhibit B to Motion for Admission of Declaration of Employee of Office of Personnel Management. The purpose[14] of the Yeakle Declaration is to provide values for the pension benefits and the health benefits that Lofton would have received in 1994 had she accepted the USAID's settlement offer. Since Lofton has

---

[11] See Part II, supra.
[12] Lofton's counsel merely states that he is "proceeding" with the service of a subpoena on Ms. Yeakle, without producing any evidence that he has in fact served such a subpoena. Motion for Admission of Declaration of Employee of the Office of Personnel Management, p.6, n. 6. Moreover, Lofton has not claimed that she has tried "other reasonable means to secure Ms. Yeakle's trial testimony. See United States v. Mann, 590 F.2d at 367.
[13] Ms. Yeakle expressly states that to determine the "facts" and conclusions in her declaration, she "reviewed the retirement case file of Earlene D. Lofton". Exhibit B to Motion for Admission of Declaration of Employee of Office of Personnel Management.
[14] The conditional language on which Ms. Yeakle hinges each of her "facts" and conclusions shows that Ms. Yeakle takes no position on, e.g., whether Lofton could have retired under a DSR or whether Lofton was enrolled in FEHB on her removal date. Exhibit B to Motion for Admission of Declaration of Employee of Office of Personnel Management. See n. 12, supra.

20

an expert economist to calculate the total value of her alleged lost pension and healthcare benefits and since she now has an attorney to apply the relevant law to establish her entitlement, if any, to those benefits, her retirement case file and records therein, which are conspicuously absent from this litigation, would provide the actual evidence she seeks to indirectly obtain through Ms. Yeakle's declaration.

Lofton has not explained why she has not obtained her retirement benefits-related records from the OPM. Lofton has also failed to claim that OPM will not produce those records in lieu of Ms. Yeakle's declaration or testimony. Incredibly, there is no indication that Lofton even requested those records. Lofton fails to carry her burden of showing that evidence more probative than the Yeakle Declaration is not reasonably obtainable. This Court should deny the admission of the Yeakle Declaration pursuant to Rule 807. Fed. R. Evid. 807 (1997).

B.    *The Yeakle Declaration Contains Hearsay Within Hearsay.*

In determining the admissibility of the Yeakle Declaration, this Court must find that each individual statement therein is not hearsay or satisfies some exception to the hearsay exclusionary rule. See, e.g., United State v. Canan, 48 F.3d 954, 960 (6th Cir. 1995); Fed. R. Evid. 805 (1975). Because each of Ms. Yeakle's asserted "facts" and conclusions are based upon inadmissible hearsay, the entire Yeakle Declaration must be denied admission into evidence.

As mentioned above, Ms. Yeakle expressly states in her declaration that she "reviewed the retirement case file of Earlene D. Lofton" in arriving at her "facts" and conclusions. Exhibit B to Motion for Admission of Declaration of Employee of Office of Personnel Management. Lofton has not identified her retirement case file as an exhibit at trial, nor has she provided a copy of that case file to Kator & Scott. Without the physical admission and authentification of

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EARLENE LOFTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Misc. Action 06-0444 (GK) |
| | ) |
| ANDREW NATSIOS, | ) |
| | ) |
| Respondent. | ) |
| | ) |

## ORDER

This matter comes before the Court on Petitioner's Petition to Overturn Refusal to Produce Karla Yeakle, or in the Alternative, a Writ Directing the USAID to Produce Ms. Yeakle for Trial. Upon consideration of the motion and the relevant law it is hereby

ORDERED that petitioner's motion is DENIED.

_____
GLADYS KESSLER
United States District Judge