UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
EARLENE LOFTON,                    )
                                   )
        Petitioner,                )
                                   )
    v.                             )    Civil Action No. 06-444 (GK)
                                   )
ANDREW NATSIOS,                    )
                                   )
        Respondent.                )
_____)

**O R D E R**

This matter is before the Court on an emergency Petition to Overturn Refusal to Produce Karla Yeakle or in the Alternative a Writ Directing the USAID Head to Produce Ms. Yeakle for Trial. A hearing was held by telephone conference call on October 27, 2006. At said hearing, Petitioner moved to amend the Complaint to add the Office of Personnel Management (OPM) as a Defendant. Said motion is granted as a matter of right, no substantive pleading having been filed by the Respondent.

OPM objected to the relief sought on the basis that Petitioner had not tendered the required fees. The Court finds that the counsel for OPM agreed tp accept service by facsimile("fax"). Because it is not possible to tender the required fees by fax, the Court credits Petitioner's counsel's statement that had the witness been produced, fees would have been provided immediately.

OPM cites to its Touhy regulation, 5 C.F.R. § 297.402(f), asserting that the subpoena in this case needed to be signed by a

judge. Because it is unclear whether the information to which Ms. Yeakle might testify actually falls within a system of records covered by the Privacy Act, 5 U.S.C. § 552a, the Court finds it need not reach this issue.

Nonetheless, the decision of OPM to decline to permit Ms. Yeakle's testimony readily satisfies the review standards of the Administrative Procedure Act, 5 U.S.C. § 706, under which this action was brought. See Baltimore Gas & Elec. Co. v. NRDC, 462 U.S. 87, 105 (1983)(agency's decision must be upheld if it has "considered the relevant factors and articulated a rational connection between the facts found and the choice made."); Houston Business Journal v. Office of Comptroller of Currency, 86 F.3d 1208, 1212 n.4 (D.C. Cir. 1996).

Having found OPM's actions were not arbitrary and capricious, the Court further finds that Ms. Yeakle, as a matter of law, is unavailable to testify in Superior Court, and declines to grant the relief sought.

October 27, 2006                    /s/
                                    ROSEMARY M. COLLYER
                                    for GLADYS KESSLER
                                    U.S. District Judge

**Copies to: attorneys on record via ECF**